**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| JAWUAN CRYSTAL BOYKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00157-TWP-KMB |
| | ) | |
| CATALENT PHARMA SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on Defendant Catalent Pharma Solutions' ("Catalent") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 19) and *pro se* Plaintiff Jawuan Crystal Boykin's ("Ms. Boykin") Motion for Default Judgment (Dkt. 33) and Motion to Compel Responsive Pleading (Dkt. 37). Ms. Boykin initiated this lawsuit after she was terminated from her position at Catalent, alleging harassment, retaliation, and negligence. For the following reasons, Ms. Boykin's Motions are **denied**, Catalent's Motion to Dismiss is **granted in part and denied in part**. Ms. Boykin's harassment and negligence claims are **dismissed**. Her retaliation claim **shall proceed**, and Catalent has fourteen (14) days from the date of this Order in which to file its answer to only the retaliation claim.

## I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Ms. Boykin as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Ms. Boykin was hired through a Job Center to work at Catalent (Dkt. 18 ¶ 14). One day, an unnamed team lead at Catalent told another employee to "get [Ms. Boykin]," and the employee

proceeded to harass her. *Id.* ¶ 1. Another employee then spoke to Ms. Boykin "with a mouth full of spit" to annoy her. *Id.* Ms. Boykin reported the harassment and asked to change departments, but in response to the report, a team lead named Erin intimidated Ms. Boykin by referring to a non-public incident at Ms. Boykin's daughter's school and a golf cart accident in Ms. Boykin's neighborhood ¶¶ 3–5. Prior to these incidents, Ms. Boykin had complained to the school district about racial discrimination against her daughter. *Id.* ¶ 3. Ms. Boykin reported Erin's alleged intimidation to Catalent management. Ms. Boykin also notified the Job Center and the Federal Bureau of Investigation ("FBI"). *Id.* ¶¶ 7–8.

Ms. Boykin did not attend work while the harassment was first being investigated. After a week, she was notified that she should return to work, but she was not given the status or findings of the harassment investigation. *Id.* ¶ 9. When Ms. Boykin returned to work, she was approached by a Catalent manager and told that she was being terminated for attendance violations. The Job Center would not state the reason for the termination but told Ms. Boykin that her termination was *not* related to attendance. *Id.* ¶ 10. While the manager escorted Ms. Boykin off Catalent's property, he laughed with another coworker and said that "Eric"—the superintendent of Boykin's daughter's school district—was "cleaning house." *Id.* ¶¶ 12–13.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.    DISCUSSION

The Court will first briefly address Ms. Boykin's Motion for Default Judgment and Motion to Compel Responsive Pleading before discussing Catalent's Motion to Dismiss.

**A.    Ms. Boykin's Motions**

In both her Motion for Default Judgment and Motion to Compel Responsive Pleading, Ms. Boykins points out that her claims have survived screening and she contends the Defendant has failed to plead or otherwise defend this action. This is not true.  Ms. Boykin filed her Amended Complaint on September 20, 2025 (Dkt. 18) and on October 1, 2025, Catalent timely filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 19). Catalent is not required to file a responsive pleading until and unless the Court denies the Motion to Dismiss. Accordingly, the Motion for Default Judgment and Motion to Compel Responsive Pleadings are

**denied**. In December 2025, the Court denied a previous motion for default judgment for the same reason (Dkt. 32 at 5). Ms. Boykins is remined that she should refrain from filing repetitive and duplicative motions.

**B.      <u>Catalent's Motion to Dismiss</u>**

Catalent moves to dismiss Ms. Boykin's Amended Complaint and her claims for harassment, retaliation, and negligence. The Court will address each claim in turn.

First, Ms. Boykin alleges that she was harassed by her coworkers in violation of Title VII. Specifically, a manager allegedly instructed a coworker to "get" Ms. Boykin, Erin (a team lead) referred to Ms. Boykin's private complaints of racial discrimination to her daughter's school, and another coworker spoke to Ms. Boykin with "a mouth full of spit" to be annoying (Dkt. 18 ¶¶ 1–3). To state a claim under Title VII for harassment (*i.e.*, hostile work environment), plaintiffs must show: "(1) they were subject to unwelcome harassment; (2) the harassment was based on their [protected characteristic]; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability." *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018) (citing *Alamo v. Bliss*, 864 F.3d 541, 549 (7th Cir. 2017)). Catalent argues that this claim must be dismissed for several reasons. The Court addresses only one of those reasons, which is that Ms. Boykin fails to allege that the alleged harassment was based on a characteristic protected by Title VII (race, color, sex, national origin, religion). Ms. Boykin does not allege that she was harassed on the basis of her sex, race, or any other characteristic. Because Ms. Boykin fails to draw any connection between the alleged harassment and a protected characteristic, her Title VII harassment claim is **dismissed**.

Second, Ms. Boykin alleges that her termination was retaliatory in violation of Title VII. To allege a retaliation claim under Title VII, a plaintiff must show "that she engaged in statutorily

protected activity and was subjected to adverse employment action as a result of that activity." *Leuvano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Catalent argues that Ms. Boykin fails to identify any protected activity or causal connection between the activity and an adverse employment action (Dkt. 20 at 6–7). Ms. Boykin responds that her Amended Complaint alleges that she was terminated because she complained of racial discrimination at her daughter's school (Dkt. 21 at 2). Supporting this claim are Ms. Boykin's factual allegations that Erin mentioned non-public knowledge about the incident at her daughter's school, that she was given conflicting reasons for her termination, and that a Catalent manager told Ms. Boykin that "Eric [the superintendent] was cleaning house." (Dkt. 1 ¶¶ 3–4, 12–13). At this stage, the Court must accept Ms. Boykin's allegations as true. *See Bielanski*, 550 F.3d at 633. Moreover, *pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Ms. Boykin's Amended Complaint alleges enough detail to "present a story that holds together." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). Accordingly, Ms. Boykin's Title VII retaliation claim survives the pleadings stage and **shall proceed**. It remains to be seen whether this claim will survive summary judgment, if this action is not settled before that stage.

Third, Ms. Boykin alleges that Catalent was negligent. To assert a claim for negligence under Indiana law, a plaintiff must show: (1) a duty owed to the plaintiff by the defendant; (2) the defendant's breach of the duty by failing to meet the appropriate standard of care; and (3) injury to the plaintiff caused by the defendant's failure to perform its duty. *See Iglesias v. Wells*, 441 N.E.2d 1017, 1019 (Ind. App. Ct. 1982) (citing *Miller v. Griesel*, 308 N.E.2d 701, 706 (Ind. 1974)). Catalent argues that it did not owe any duty to Ms. Boykin (so it did not breach any duty) and that the Amended Complaint fails to allege any damages caused by a breach of any duty (Dkt. 20 at 7–

5

8). In response, Ms. Boykin argues that Catalent "had a duty to investigate and provide a safe work environment after [she] reported retaliation," breached that duty by upholding her retaliatory termination, and caused her to suffer lost wages (Dkt. 21 at 3). However, Ms. Boykin cites no authority showing that Indiana common law imposes a general duty on employers to prevent all workplace harassment and retaliation. Ms. Boykin's negligence claim is therefore **dismissed**.

To summarize, Ms. Boykin's Title VII harassment claim and her negligence claim are **dismissed**. Her sole remaining Title VII retaliation claim **shall proceed**. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Catalent has fourteen (14) days from the date of this Order to file its responsive pleading to the retaliation claim only.

## IV.    CONCLUSION

For the reasons stated above, Ms. Boykin's Motion for Default Judgment (Dkt. 33) and Motion to Compel Responsive Pleading (Dkt. 37) are **DENIED**, and Catalent's Motion to Dismiss (Dkt. 19) is **GRANTED in part** and **DENIED in part**. Ms. Boykin's harassment and negligence claims are **DISMISSED**. Her Title VII retaliation claim only **SHALL PROCEED**.

This case will proceed in the following manner. Catalent has until **May 5, 2026** to file its responsive pleading to the retaliation claim, which has survived the motion to dismiss. Thereafter, the Magistrate Judge will schedule and hold an initial conference with the parties. Ms. Boykin is **ORDERED** not to file any further pleadings, motions, or other submissions until **AFTER** Catalent has filed its responsive pleading and the parties have attended an initial conference with the Magistrate Judge.

SO ORDERED.

Date:    4/20/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JAWUAN CRYSTAL BOYKIN
708 Buena Vista Ave
Aurora, IN 47001
jcrystalboykin@gmail.com

Claire Elise Bailey
Taft Stettinius & Hollister LLP
cbailey@taftlaw.com

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mmacchia@taftlaw.com